**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM E. GRANT,
<u>Plaintiff-Appellant,</u>

v.

WATERFRONT EMPLOYERS,

No. 97-2335

International Longshoremen's
Association in the Ports of South
Carolina Pension Plan,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-95-3814-2-23)

Submitted: July 28, 1998

Decided: September 8, 1998

Before WIDENER, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

B. Pratt Gasque, Jr., B. PRATT GASQUE, JR., P.C., Myrtle Beach,
South Carolina, for Appellant. Marvin D. Infinger, SINKLER &
BOYD, P.A., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William E. Grant appeals from a district court's order upholding denial of disability benefits by the Trustees of the Waterfront Employers, International Longshoremen's Association ("ILA") in the Ports of South Carolina Pension Plan ("Plan"). On appeal, Grant maintains that (1) the district court applied the wrong standard of review; (2) the Trustees' decision was erroneous and arbitrary; (3) he was entitled to a de novo trial; and (4) the district court erred in not allowing a Social Security Administration report into evidence. We have previously granted Grant's unopposed motion to submit on briefs and now affirm.

Grant is a former employee of the ILA and was responsible for operating an overhead crane that unloaded ore from docked ships. Suffering from chronic knee pain, Grant applied for a disability pension under the Plan in January 1994. Finding that Grant did not sufficiently establish total disability, the Trustees of the Plan denied Grant disability benefits. Over the next year and a half, Grant appeared before the Trustees three more times. Once again reviewing Grant's claim, in July 1995, the Trustees concluded that Grant was not entitled to disability benefits.

Grant appealed the Trustees's decision to the district court. The court, applying an abuse of discretion standard, and in light of all of the evidence reviewed by the Trustees, found the Trustees' determination reasonable and affirmed the denial of benefits. If an ERISA plan gives an administrator or trustee discretionary authority to determine eligibility for benefits, the decision to deny benefits will be reviewed for abuse of discretion. See Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Richards v. United Mine Workers of Am. Health & Retirement Fund, 895 F.2d 133, 135 (4th Cir. 1990). A trustee's interpretation of a plan will not be disturbed if reasonable.

2

See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 123-24 (4th Cir. 1994). If the administrator's decision is supported by substantial evidence, that decision is not an abuse of discretion. See Boyd v. Trustees of United Mine Workers Health & Retirement Funds, 873 F.2d 57, 59-60 (4th Cir. 1989).

Grant submits that the Plan did not grant the Trustees discretionary authority until it was amended in 1995 and therefore the district court erred in reviewing the Trustees' decision under an abuse of discretion standard. Because we find that even under the unamended version of the Plan the Trustees were vested with discretionary authority, we do not address the issue of the amendment's effect.* In Firestone, the Supreme Court held that a denial of benefits under ERISA is to be reviewed under a de novo standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone, 489 U.S. at 115. Under the unamended Plan in this case, the trustees were to serve as named fiduciaries having powers and duties, which included "interpret[ing] the Plan and . . . determin[ing] the questions arising in the administration, interpretation and application of the Plan," "determin[ing] the benefits to be paid to or for the Members from time to time," and "determin[ing] whether a participant has qualified for benefits under th[e] Plan." We find that the Plan sufficiently vested the trustees with discretionary authority in determining benefits even before its amendment, and therefore the Trustees' decision was properly reviewed under an abuse of discretion standard.

We now address whether the Trustees abused their discretion in denying Grant disability benefits. The Trustees were presented with the medical opinion of five different physicians, at least three of whom specialized in orthopaedic medicine. Out of the five, three of the physicians, two orthopaedic physicians and one family practitioner, after examining Grant, found that he was not totally disabled. We have reviewed the medical reports and opinions submitted to the Trustees and find that the Trustees' decision was reasonable and supported by substantial evidence.

_____
*Although unnecessary for the disposition of this appeal, we note that the record is unclear as to the year of the Plan's amendment.

3

Grant also claims that the district court erred in not considering a Social Security Administration report concerning Grant's disability. Because the district court is limited to the evidence that was before the Trustees at the time of their decision, the court properly declined to consider this evidence. See Sheppard, 32 F.3d at 125.

In light of the above, we affirm the district court's order upholding the Trustees' denial of disability benefits to Grant.

AFFIRMED

4